IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER DOERNER<br>3302 Boos Road<br>Huron, Ohio 44121<br><br>-and-<br><br>DEVIN GROSSWILER<br>53 North Pleasant Street<br>Norwalk, Ohio 44857<br><br>on behalf of themselves and all others<br>similarly situated,<br><br>           Plaintiffs,<br><br>        vs.<br><br>FREUDENBERG-NOK SEALING<br>TECHNOLOGIES<br>47690 East Anchor Court<br>Plymouth, Michigan 48170<br><br>           Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.:<br><br>JUDGE<br><br>**PLAINTIFFS' COMPLAINT**<br><br><u>(Jury Demand Endorsed Herein)</u> |

Plaintiffs Christopher Doerner and Devin Grosswiler, by and through undersigned counsel, as their Complaint against Defendant Freudenberg-NOK Sealing Technologies ("Freudenberg"), state and aver the following:

### INTRODUCTION

1. This is a "collective action" instituted by Doerner and Grosswiler as a result of Freudenberg's practices and policies of not paying its hourly, non-exempt employees, including Doerner, Grosswiler and other similarly-situated employees, for all hours worked, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.



## JURISDICTION AND VENUE

2. This Court has jurisdiction over Doerner and Grosswiler's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Freudenberg conducts business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

4. At all times material herein, Doerner was a citizen of the United States and resident of Erie County, Ohio.

5. At all times material herein, Doerner was an employee within the meaning of 29 U.S.C. § 203(e).

6. At all times material herein, Grosswiler was a citizen of the United States and resident of Erie County, Ohio.

7. At all times material herein, Grosswiler was an employee within the meaning of 29 U.S.C. § 203(e).

8. At all times material herein, Freudenberg was a Michigan corporation with its principle place of business in Wayne County, Michigan.

9. At all times material herein, Freudenberg was an employer within the meaning of 29 U.S.C. § 203(d).

10. At all times material herein, Freudenberg was an enterprise within the meaning of 29 U.S.C. § 203(r).

11. At all times material herein, Freudenberg was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

The Employee's Attorney.™ 

12. Written consents to join this action as to Count I, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

13. Freudenberg operated a plant in the City of Milan, County of Erie, State of Ohio ("Milan Location").

14. Doerner was hired by Freudenberg on February 26, 2007 and is still presently employed at Freudenberg's Milan Location.

15. Grosswiler was hired by Freudenberg on June 4, 2007 and is still presently employed at Freudenberg's Milan Location.

16. Doerner, Grosswiler and other similarly-situated employees are employed as warehouse and production technicians, assemblers, rovers, packers, baggers, machine operators and order fillers.

17. Doerner, Grosswiler and other similarly-situated employees are non-exempt employees under the FLSA and are or were paid an hourly wage.

**(Failure to Pay For Time Spent Preparing Work Stations)**

18. Doerner, Grosswiler and other similarly-situated employees are required by Freudenberg to perform unpaid work even after clocking in each day, including but not limited to preparing each employees work station, completing safety checklists, signing on RF units and inspecting protective equipment.

19. Freudenberg arbitrarily failed to count this work performed by Doerner, Grosswiler and other similarly-situated employees as "hours worked."

20. Doerner, Grosswiler and other similarly-situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.



21. This unpaid work performed by Doerner, Grosswiler and other similarly-situated employees was practically ascertainable to Freudenberg.

22. There was no practical administrative difficulty of recording this unpaid work of Doerner, Grosswiler and other similarly-situated employees.

23. Freudenberg actually records this time since they require all warehouse and production employees to clock in 10-15 minutes early for their shifts or face progressive discipline.

24. This unpaid work performed by Doerner, Grosswiler and other similarly-situated employees constituted a part of their principal activities, was required by Freudenberg, and was performed for Freudenberg's benefit.

25. This unpaid work was an integral and indispensible part of other principle activities performed by Doerner, Grosswiler and other similarly-situated employees.

26. Doerner, Grosswiler and other similarly-situated employees could not perform their work without preparing their work stations, completing safety checklists, signing on RF units and inspecting protective equipment.

**(Failure to Pay For Time Spent Completing Shift Assignments)**

27. Doerner, Grosswiler and other similarly-situated employees are required by Freudenberg to complete certain assignments, even if completion of those assignments require employees to work past their designated shift end times.

28. Freudenberg arbitrarily failed to count this work performed by Doerner, Grosswiler and other similarly-situated employees as "hours worked."

29. Doerner, Grosswiler and other similarly-situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

30. This unpaid work performed by Doerner, Grosswiler and other similarly-situated employees was practically ascertainable to Freudenberg.

The Employee's Attorney.™ 

31. There was no practical administrative difficulty of recording this unpaid work of Doerner, Grosswiler and other similarly-situated employees.

32. Freudenberg actually records this time since they require all warehouse and production employees to clock out when they have completed all assignments, but adjusts each employee's time down to reflect only 40 hours worked per week.

33. This unpaid work performed by Doerner, Grosswiler and other similarly-situated employees constituted a part of their principal activities, was required by Freudenberg, and was performed for Freudenberg's benefit.

34. Moreover, this unpaid work was an integral and indispensible part of other principle activities performed by Doerner, Grosswiler and other similarly-situated employees.

35. Doerner, Grosswiler and other similarly-situated employees could not perform their material technician work without completing required assignments.

**(Failure to Pay For Required Work Performed During Lunch)**

36. Freudenberg also failed to pay Doerner, Grosswiler and other similarly-situated employees for work performed during their lunch breaks.

37. Freudenberg would require that Doerner, Grosswiler and other similarly-situated employees work through their lunch to complete time-sensitive tasks.

38. Freudenberg knew or had reason to know that Doerner, Grosswiler and other similarly-situated employees were working through their lunch break since employees did not clock out for lunch when they had time-sensitive tasks to complete.

39. Freudenberg would automatically deduct 30 minutes from Doerner, Grosswiler and other similarly-situated employees' time when they did not punch out for lunch because they were performing required work.

The Employee's Attorney.™ 

40. Pursuant to 29 CFR § 785.11, since Freudenberg knew or had reason to believe that Doerner, Grosswiler and other similarly-situated employees' work during lunch was being performed, Freudenberg must count that time as hours worked.

**(Failure to Pay Overtime Compensation)**

41. As a result of Doerner, Grosswiler and other similarly-situated employees not being paid for all hours worked, they were not paid overtime compensation for all of the hours they worked over 40 each workweek.

42. Freudenberg knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**(Failure to Keep Accurate Records)**

43. Freudenberg failed to make, keep and preserve records of the unpaid work performed by Doerner, Grosswiler and other similarly-situated employees before and after their scheduled shifts, as well as work performed during scheduled lunch breaks.

44. The amount of time Doerner, Grosswiler and other similarly-situated employees spent on their required and unpaid work before their scheduled shifts amounted to approximately 10-15 minutes each day.

45. The amount of time Doerner, Grosswiler and other similarly-situated employees spent on their required and unpaid work after their scheduled shifts fluctuated between 10 and 45 minutes on each day.

46. The amount of time Doerner, Grosswiler and other similarly-situated employees spent on their required and unpaid work during their lunch breaks amounted to 30 minutes on intermittent days.

The Employee's Attorney.™ 

## **COLLECTIVE ACTION ALLEGATIONS**

47. Doerner and Grosswiler bring Count I of this action on their own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly-situated who have been, are being, or will be adversely affected by Freudenberg's unlawful conduct.

48. The class which Doerner and Grosswiler seek to represent and for whom Doerner and Grosswiler seek the right to send "opt-in" notices for purposes of the collective action, and of which Doerner and Grosswiler are themselves members, is composed of and defined as follows:

> All former and current warehouse and production technicians, assemblers, rovers, packers, baggers, machine operators and order fillers employed by Freudenberg at any time between July 14, 2011 and the present.

49. Doerner and Grosswiler are unable to state at this time the exact size of the potential class, but upon information and belief, aver that it consists of 350 persons.

50. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

51. In addition to Doerner and Grosswiler, numerous current and former employees are similarly-situated with regard to their wages and claims for unpaid wages and damages.

52. Doerner and Grosswiler are representative of those other employees and are acting on behalf of their interests as well as their own in bringing this action.

53. These similarly-situated employees are known to Freudenberg and are readily identifiable through Freudenberg's payroll records. These individuals may readily be notified of this action, and allowed to "opt-in" pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.



54. Venue is properly placed in the United States District Court for the Northern District of Ohio, Western Division, because it is the district court for the district, division, and county within which the Defendants operate and conduct business.

## COUNT I
### (Fair Labor Standards Act Violations)

55. Doerner and Grosswiler restate each and every prior paragraph of this Complaint, as if it were fully restated herein.

56. Freudenberg's practice and policy of not paying Doerner, Grosswiler and other similarly-situated employees for work performed before their scheduled shift times each day violated the FLSA, 29 U.S.C. § 207, 29 CFR § 785.24.

57. Freudenberg's practice and policy of not paying Doerner, Grosswiler and other similarly-situated employees for work performed after their scheduled shift times each day violated the FLSA, 29 U.S.C. § 207, 29 CFR § 785.24.

58. Freudenberg's practice and policy of not paying Doerner, Grosswiler and other similarly-situated employees for required work performed during lunch breaks violated the FLSA, 29 CFR § 785.11.

59. Freudenberg's practice and policy of not paying Doerner, Grosswiler and other similarly-situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the FLSA, 29 U.S.C. § 207.

60. Freudenberg's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Doerner, Grosswiler and other similarly-situated employees violated the FLSA, 29 CFR § 516.2(a)(7).

61. By engaging in the above-mentioned conduct, Freudenberg willfully, knowingly and/or recklessly violated the provisions of the FLSA.

The Employee's Attorney.™

62. As a result of Freudenberg's practices and policies, Doerner, Grosswiler and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Doerner and Grosswiler, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action;

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt-in" to this litigation;

C. Award Doerner, Grosswiler and the class they represent actual damages for unpaid wages;

D. Award Doerner, Grosswiler and the class they represent liquidated damages equal in amount to the unpaid wages found due to Doerner, Grosswiler and the class;

E. Award Doerner, Grosswiler and the class they represent pre- and post-judgment interest at the statutory rate;

F. Award Doerner, Grosswiler and the class they represent attorneys fees, costs and disbursements; and


G. Award Doerner, Grosswiler and the class they represent further and additional relief as this Court deems just and proper.

        Respectfully submitted,

/s/ *Brian D. Spitz*
Brian D. Spitz (0068816)
Sean H. Sobel (0086905)
**THE SPITZ LAW FIRM, LLC**
4620 Richmond Road, Suite 290
Warrensville Heights, Ohio 44128
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: brian.spitz@spitzlawfirm.com
       sean.sobel@spitzlawfirm.com

*Attorneys For Plaintiffs Christopher Doerner and Devin Grosswiler*



## JURY DEMAND

Plaintiffs Christopher Doerner and Devin Grosswiler demand a trial by jury by the maximum number of jurors permitted.

                                          /s/ *Brian D. Spitz*
                                          Brian D. Spitz (0068816)
                                          Sean H. Sobel (0086905)

